UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDY PRISCO,<br><br>              Plaintiff,<br><br>     v.<br><br>LAURA MOSS et al.,<br><br>              Defendants. | CASE NO. C24-5236-KKE<br><br>ORDER DENYING MOTION TO STRIKE |

This is a dispute between Andy Prisco, Laura Moss, Richard Pfeiffer, and their respective business entities over a business venture that provided crisis intervention trainings. Prisco moves to strike certain allegations in Defendants' answer as immaterial and scandalous. As a general matter, the Court finds that some of the language employed in Defendants' answer reflects poorly on the parties and their counsel. The Court is reluctant, however, to wordsmith the parties' pleadings, and therefore concludes that striking the answer (or portions of it) is inappropriate at this early stage of the litigation when the scope of relevance is broad and any prejudice to the Plaintiff is still speculative. Subject to the Court's instructions regarding future filings as set forth below, Prisco's motion is denied.

//

//

# I. RELEVANT BACKGROUND[1]

Prisco and Moss are crisis intervention trainers. Dkt. No. 25 ¶¶ 8, 20. Moss owns and controls Growth Central Training LLC ("Growth Central Training"). *Id.* ¶ 11. Pfeiffer owns and controls the National Anger Management Association, LLC ("NAMA"). *Id.* ¶ 10. NAMA offers a Certified Crisis Intervention Specialist credential ("NAMA credential") to qualified individuals in the crisis intervention field. *Id.* ¶ 36. In 2016, Prisco, Moss, Pfeiffer, and Growth Central began working together on the Crisis Intervention Certification Project to provide crisis intervention trainings and on the Crisis Intervention Certification Handbook. *Id.* ¶¶ 9, 27. In 2022, Prisco and Moss submitted a proposal to the Washington State Health Care Authority ("HCA") to provide crisis intervention trainings, with attendees eligible to pay for and receive NAMA credentials. *Id.* ¶ 34. After Prisco "questioned the transparency of profits" from the Crisis Intervention Certification Project, "Moss, Pfeiffer, and [Growth Central Training] wrongfully expelled" Prisco from the project. *Id.* ¶ 18. NAMA also permanently suspended Prisco's NAMA credential. *Id.* ¶ 37. The HCA then moved forward with a contract with Growth Central Training. *Id.* ¶¶ 50–51.

Prisco now brings three causes of action against Moss, Pfeiffer, and Growth Central Training (breach of fiduciary duty, breach of right to have interest in partnership purchased, and unjust enrichment); two causes of action against Moss and Pfeiffer (declaratory judgment "that he is co-owner of the Handbook" and an accounting); one cause of action against all Defendants (tortious interference with a business expectancy); and one cause of action against NAMA (declaratory judgment that Prisco "may use the [NAMA] credentials he earned"). Dkt. No. 25 ¶¶ 62–88. Defendants answered. Dkt. No. 26. Prisco now moves to strike certain parts of

---

[1] These facts are taken from the first amended complaint. The Court provides this background to contextualize the analysis below. But on a motion to strike, the Court takes the non-moving party's allegations as true (here, Defendants' allegations). *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 809 (N.D. Cal. 2019).

ORDER DENYING MOTION TO STRIKE - 2

Defendants' answer. Dkt. No. 27. Prisco attaches to his motion an annotated copy of Defendants' answer, highlighting the passages he seeks to have stricken. *Id.* at 11–49.

The motion to strike is ripe for the Court's consideration. *See* Dkt. Nos. 30–31.

## II.  ANALYSIS

**A.  Legal Standard on Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When considering a motion to strike, the court views the pleading in the light most favorable to the nonmoving party and will "resolve[ ] any doubt as to the relevance of the challenged allegations or sufficiency of a defense" in the nonmoving party's favor. *Id.*

Prisco argues certain allegations in the answer should be stricken as immaterial or scandalous ("derogatory" or "offensive"). *See generally* Dkt. No. 27. A matter is immaterial if it "has no essential or important relationship to the claim for relief or defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Scandalous" matters "cast a cruelly derogatory light on a party or other person." *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1062 (C.D. Cal. 2017). "If an offensive or scandalous allegation is relevant, it may not be subject to a motion to strike." *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2017 WL 131829, at *13 (S.D. Cal. Jan. 13, 2017), *abrogated on other grounds by Huffman v. Lindgren*, 81 F.4th 1016 (9th Cir. 2023); *see also Treefrog Devs., Inc. v. Nu-X Ventures, LLC*, No. 22-CV-225 TWR (MDD), 2022 WL 17085925, at *7 (S.D. Cal. Nov. 17, 2022) (explaining allegations cannot be scandalous if they are

relevant and do "not serve the sole purpose of portraying Defendant in a bad light or causing it to waste time and money").

Unlike other courts, the Ninth Circuit does not require movants to show prejudice to support a motion to strike. *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1272 (W.D. Wash. 2023). But "[w]here the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even though the offending matter literally was within one or more of the categories set forth in Rule 12(f)." *Polaris PowerLED Techs., LLC v. Nintendo Co.*, 623 F. Supp. 3d 1132, 1136 (W.D. Wash. 2022) (cleaned up); *see also Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1085 (S.D. Cal. 2017) ("[A]llegations that provide background information, historical material, or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to the moving party." (cleaned up)).

**B.    The Motion to Strike Is Denied**

Prisco seeks to strike Defendants' accusations of extortion, unprofessional and unethical conduct, misuse of the Court and prior counsel, and references to prior legal actions. Dkt. No. 27. At this early stage, the Court cannot say that any of Defendants' allegations are necessarily "immaterial" because the scope of Prisco's declaratory judgment claim seeking restoration of his NAMA credentials is broad. And a central issue in this dispute appears to be whether Prisco complied with the governing code of ethics. *See* Dkt. No. 25 ¶ 76 ("Plaintiff seeks declaratory judgment that Plaintiff may use the [NAMA] credentials he earned."), Dkt. No. 26 ¶ 76 (responding that Plaintiff "violated NAMA Code of Ethics"); *see also* Dkt. No. 15-1 (NAMA Code of Ethics that includes standards for professionals' interactions with clients, colleagues, and "the broader society"). At this point, how Prisco has allegedly treated colleagues and clients may relate to the resolution of some of the disputed issues in this case. Accordingly, the Court denies the motion to strike.

ORDER DENYING MOTION TO STRIKE - 4

However, this result should not be interpreted too broadly. Defendants' answer at times crosses the line between zealous advocacy and unnecessary piling on. For instance, the answer is over twice as long as the complaint, often repeating entire paragraphs averring outrage and seemingly asserting affirmative claims. *See* Dkt. Nos. 25, 26. Such a lengthy response goes well beyond the instruction in Rule 8(b) that an answering party should "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Arguments and extended narrative that go beyond the allegations in the complaint, particularly where no counterclaims are at issue, are better suited for later motions practice where supporting evidence can be presented. Moreover, indiscriminate use of extreme language like "extortion" when less harsh (and arguably more accurate) language would suffice is inconsistent with the Court's expectations of professionalism and civility.

If this matter proceeds to trial, Prisco can reraise his concerns about the prejudicial impact of Defendants' answer, if any, via motions in limine. At that juncture, the scope of the issues in this case will be crystalized such that the Court can more fully evaluate Prisco's concerns. In the interim, the parties are admonished that pleadings filed in this Court will be in the service of settling factual and legal disputes, not personal scores between the parties or their lawyers. As such, the Court expects future filings will assume a professional and civil tone and avoid casting unnecessary aspersions on any person.

### III.  CONCLUSION

For these reasons, the Court DENIES the motion to strike. Dkt. No. 27.

Dated this 20th day of December, 2024.

*Kymberly K Evanson*
_____
Kymberly K. Evanson
United States District Judge