UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDY PRISCO, <br><br> Plaintiff, <br><br> v. <br><br> LAURA MOSS et al., <br><br> Defendants. | CASE NO. C24-5236 <br><br> ORDER DENYING DEFENDANTS' MOTION TO JOIN JUMPSTART MASTERY, LLC AS A PLAINTIFF |

Plaintiff Andy Prisco sues Defendants, individuals and their corresponding business entities, for claims arising from the parties' prior collaboration on crisis intervention trainings and materials. Defendants seek to join Plaintiff's business entity, JUMPSTART Mastery, LLC ("Jumpstart"), as an involuntary plaintiff under Federal Rules of Civil Procedure 17 and 19. Dkt. No. 36. The Court denies the motion.

**I.   BACKGROUND**

Plaintiff's complaint alleges the following facts, which provide the basis for the current dispute. Prisco and Defendant Moss are crisis intervention trainers. Dkt. No. 25 ¶¶ 8, 20. Prisco currently delivers training through Jumpstart. *Id.* ¶ 8. Moss owns and controls Defendant Growth Central Training LLC ("Growth Central Training"). *Id.* ¶ 11. Defendant Pfeiffer owns and controls Defendant National Anger Management Association, LLC ("NAMA"). *Id.* ¶ 10. NAMA

offers a Certified Crisis Intervention Specialist credential ("NAMA credential") to qualified individuals in the crisis intervention field. *Id.* ¶ 36.

Prisco alleges that in 2016, Moss, Pfeiffer, and him began working together on the Crisis Intervention Certification Project to provide crisis intervention trainings and on the Crisis Intervention Certification Handbook. Dkt. No. 25 ¶¶ 9, 25, 27. In 2018, Growth Central Training began to collect and distribute profits from these efforts. *Id.* ¶ 16.

In 2022, Growth Central Training, through Prisco and Moss, allegedly submitted a proposal to the Washington State Health Care Authority ("HCA") to provide crisis intervention trainings, with attendees eligible to pay for and receive NAMA credentials. Dkt. No. 25 ¶¶ 34–35. After Prisco "questioned the transparency of profits" from the Crisis Intervention Certification Project, Prisco alleges that "Moss, Pfeiffer, and [Growth Central Training] wrongfully expelled" him from the project. *Id.* ¶ 18. Prisco further alleges that NAMA also permanently suspended Prisco's NAMA credential. *Id.* ¶ 37. The HCA then moved forward with a contract with Growth Central Training despite a capability statement submitted by Jumpstart. *Id.* ¶¶ 45, 50.

Defendants moved to dismiss the complaint for various reasons, including for Prisco's failure to include Jumpstart as a plaintiff under Federal Rule of Civil Procedure 12(b)(7). Dkt. No. 11 at 23. The Court denied Defendants' motion under 12(b)(7), while granting other portions, and held Defendants failed "to meet their burden to show a substantial risk of inconsistent obligations without joining Jumpstart." Dkt. No. 22 at 12.

In the amended complaint Prisco alleges three causes of action against Moss, Pfeiffer, and Growth Central Training (breach of fiduciary duty, breach of right to have interest in partnership purchased, and unjust enrichment); two causes of action against Moss and Pfeiffer (declaratory judgment "that he is co-owner of the Handbook" and an accounting); one cause of action against all Defendants (tortious interference with a business expectancy); and one cause of action against

NAMA (declaratory judgment that Prisco "may use the [NAMA] credentials he earned"). Dkt. No. 25 ¶¶ 62–88. Defendants answered. Dkt. No. 26. Defendants now move to add Jumpstart as an involuntary plaintiff under Federal Rules of Civil Procedure 17 and 19. Dkt. No. 36. The briefing is complete (Dkt. Nos. 37, 38) and the matter is ripe for the Court's consideration.

## II.   ANALYSIS

**A.   Jumpstart Is Not a Necessary Party under Rule 19.**

Federal Rule of Civil Procedure 19(a) requires absent parties to be joined in an action if they are found necessary or "required."[1] Fed. R. Civ. P. 19(a). "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). There are three ways a party can be deemed necessary, only two of which are argued here. Fed. R. Civ. P. 19(a); *see* Dkt. No. 36 at 5 ("Defendants do not further argue this second basis for joinder.").

First, a party may be necessary to an action if "in that person's absence, the court cannot afford complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). Defendants argue complete relief is impossible without Jumpstart because any partnership breaches that occurred in 2023 would belong to Jumpstart and thus Prisco could have incomplete relief. Dkt. No. 38 at 4. Defendants' argument that Prisco's claim may fail without Jumpstart goes to the merits, not the completeness of relief; Prisco's failure to prove his claim would be complete relief for Defendants. *See Zhu v. Li*, No. 19-CV-02534-JSW, 2021 WL 6200504, at *3 (N.D. Cal. Nov. 24, 2021) ("Even assuming that Defendants are correct that Mr. Li was the true member of Teetex, this does not affect the ability of the parties currently in the case to resolve the legal controversy alleged. Such a finding would free Defendants of liability related to Plaintiff.").

---

[1] The parties agree that it is feasible to join Jumpstart. Dkt. No. 36 at 3 (citing Dkt. No. 18 at 20)). Thus, analysis under Rule 19(b) is not necessary.

ORDER DENYING DEFENDANTS' MOTION TO JOIN JUMPSTART MASTERY, LLC AS A PLAINTIFF - 3

Defendants also argue that they cannot obtain complete relief because Prisco has "the ability to move claims in and out of a non-party he controls" so that he "can just pass [Jumpstart's] unadjudicated rights to anyone, including himself[.]" Dkt. No. 38 at 4–5. There is no evidence to support this alleged "shell game." And a hypothetical future suit is not enough to find Jumpstart necessary for complete relief here. *See Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 331 F.R.D. 427, 432 (W.D. Wash. 2019) ("The possibility" that a related corporate entity could bring future claims against the same defendants "does not mean that complete relief is not possible between the parties on []claims that focus on alleged damages caused to" the current plaintiff).

Second, a party may be necessary if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may … leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Dispositively, Jumpstart is aware of this suit (Dkt. No. 37 at 3) and does not claim any interest in this action, thus Rule 19(a)(1)(B) does not apply. *See United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) ("Here, Sterilization Systems was aware of this action and chose not to claim an interest. That being so, the district court did not err by holding that joinder was 'unnecessary.'"); *Alaska Loc. 375 Plumbers & Pipefitters Tr. Funds by Hubbard v. Wolf Creek Fed. Servs., Inc.*, No. 2:22-CV-00141-TL, 2023 WL 2138302, at *6 (W.D. Wash. Feb. 21, 2023) (citing *In re Cnty. of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001)).

Even if Jumpstart had claimed an interest (which it does not assert), Defendants have not shown a risk of inconsistent obligations. "Inconsistent obligations occur in the Rule 19 context 'when a party is unable to comply with one court's order without breaching another court's order concerning the same incident.'" *Bombardier*, 331 F.R.D. at 433 (quoting *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008)).

ORDER DENYING DEFENDANTS' MOTION TO JOIN JUMPSTART MASTERY, LLC AS A PLAINTIFF - 4

Defendants assert such inconsistent obligations could include court orders to file inconsistent tax positions or inconsistent discovery orders. Dkt. No. 38 at 5. Assuming such concerns could be considered "inconsistent obligations" under Rule 19, these would only be inconsistent if such orders occurred at the same time and Defendants do not identify any pending lawsuits arising from the allegations here such that compliance with this Court's orders would be impinged. Rather, Defendants concerns about inconsistent obligations are speculative and hypothetical. Accordingly, the Court's previous finding that Defendants failed to show a substantial risk of inconsistent obligations in their motion to dismiss under Rule 12(b)(7) remains true. Dkt. No. 22 at 11–12.

Rule 19 does not require joining Jumpstart as an involuntary plaintiff.

**B.    Rule 17 Does Not Support Adding Jumpstart as an Involuntary Plaintiff.**

Federal Rule of Civil Procedure 17 requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. Proc. 17(a)(1). Rule 17 is intended "to prevent forfeiture when determination of the correct party to sue is difficult or when an understandable mistake has been made" and to "protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17 advisory committee note (1966).

The question under Rule 17 is not which plaintiffs the defendant would prefer, "the issue is whether Plaintiff possesses a substantive right under Washington law to bring this action." *Expeditors Int'l of Washington, Inc. v. Expeditors (Japan), Ltd.*, 224 F.R.D. 661, 664 (W.D. Wash. 2004). Defendants argue Prisco's "claims relating to the purported partnership (first and second causes of action) and those relating to the contract GCT entered into with [HCA] (third and fifth causes of action) either in whole or in part belong to Jumpstart." Dkt. No. 36 at 2. Prisco responds that the complaint alleges he was a partner under the partnership claims (Dkt. No. 25 ¶¶ 63, 67)

ORDER DENYING DEFENDANTS' MOTION TO JOIN JUMPSTART MASTERY, LLC AS A PLAINTIFF - 5

and that he had a business expectancy with HCA (*id.* ¶ 69) and that he conferred a benefit on Defendants (*id.* ¶ 79). Dkt. No. 37 at 5.  Whether Jumpstart was also a partner or whether Prisco sent the capability statement to HCA on behalf of Jumpstart does not demonstrate that Prisco does not have his own substantive right to bring these claims.  *See* Dkt. No. 36 at 3; *Klamath-Lake Pharm. Assn. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1282 (9th Cir. 1983) (retention by pharmacies of interest in outcome of action did not prevent pharmaceutical association from being treated as real party in interest for purposes of Federal Rule of Civil Procedure Rule 17(a)).

Defendants do not show that any of Prisco's claims solely belong to Jumpstart such that they might trigger Rule 17.

### III.  CONCLUSION

For these reasons, Defendants' motion to add Jumpstart as an involuntary plaintiff is DENIED.  Dkt. No. 36.

Dated this 13th day of March, 2025.

Kymberly K. Evanson
United States District Judge